

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2007

# Olabode v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Olabode v. Philadelphia" (2007). *2007 Decisions.* Paper 211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2588
_____

GBOLAHAN OLABODE,

Appellant

v.

CITY OF PHILADELPHIA;
THOMAS MARTINKA, Detective, Badge #921

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-02873)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2007

Before:  FISHER, ALDISERT and GREENBERG, *Circuit Judges.*

(Filed:  November 16, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After being tried and acquitted on charges of trying to lure a young girl into his car, Gbolahan Olabode filed a claim in state court against Detective Thomas Martinka[1] for allegedly falsifying his arrest warrant and violating his constitutional rights. The case was removed to the Eastern District of Pennsylvania, and after a trial, the jury returned a verdict in favor of Martinka. Olabode now appeals, alleging that the District Court abused its discretion by allowing the victim's mother to read a note she allegedly made on the day of the incident, indicating Olabode's license plate number and car description as she observed it. For the reasons that follow, we find that the District Court did not abuse its discretion and affirm its decision.

I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On a number of occasions in May 2003, a man tried to lure 16-year-old Stacey Schubert into his green car as she was walking to school. On May 29, 2003, Stacey's mother accompanied her on her way to school and upon observing a black male in a green car attempting to speak to her daughter, she wrote down the license plate number of the car. Stacey's mother then reported the incident to police, who assigned the case to Detective Thomas Martinka. After interviewing both

[1]The City of Philadelphia was also a defendant in this action, but on April 3, 2006, the District Court granted summary judgment for the City, removing it from this lawsuit. Olabode does not challenge this ruling on appeal.

Schubert and her mother, Martinka went to the site of the incident, and soon observed Olabode, driving a green car with the same license plate number given to him by Stacey's mother. Stacey subsequently identified Olabode as the man who had been accosting her, at which point he was arrested. A criminal trial ensued, but Olabode was ultimately acquitted.

Olabode subsequently instituted a civil suit, which went to trial on the 42 U.S.C. § 1983 and intentional infliction of emotional distress claims arising out of Martinka's conduct in relation to the investigation and arrest of Olabode. Neither Stacey nor her mother was a party to the civil action. Stacey's mother testified at that trial regarding the make, model, and license plate number, and gave a brief description of the events. For much of her recollection, particularly the license plate number, she relied on a note she had allegedly written to herself immediately after observing the incident. Olabode objected on the grounds that the note had not been turned over during discovery. The mother claimed that she had only recently discovered the note. The District Court overruled the objection, on the grounds that Martinka was not aware of the existence of the note, and because the mother was not a party to the action, the note was never in Martinka's possession or control. At the end of the trial, the jury returned a verdict in favor of Martinka.

On appeal, Olabode alleges that Martinka concocted the case against him and coerced Schubert's mother into fabricating the story that resulted in his arrest. Olabode

argues that the note, produced immediately before the mother's testimony, was prejudicial to him in that it tended to corroborate the Martinka's position, and because the District Court's pre-trial order precluded the admission of the evidence not handed over before trial, the District Court abused its discretion in allowing it to come in to evidence. Olabode alleges that Martinka knew or should have known about the note prior to trial, and should have produced it.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When we are reviewing a decision of the District Court to deviate from its own pretrial order, we will not disturb the decision "absent a clear abuse of discretion." *Berroyer v. Hertz*, 672 F.2d 334, 338 (3d Cir. 1982).

## III.

The District Court issued a pretrial order stating that "[o]nly those exhibits . . . identified in the manner set forth in this order shall be considered by the Court for admission into evidence at trial. . . ." Federal Rule of Civil Procedure 16(e) provides that Pretrial Orders "control the subsequent course of the action unless modified" and that an order "shall be modified only to prevent manifest injustice." Olabode alleges that the District Court's decision to admit the notes, which were not presented to him prior to trial, was a modification of the pre-trial order, and that Martinka failed to show that modification of the order was necessary to prevent manifest injustice.

We have held that district courts have the discretion to admit exhibits not previously identified, and that we will determine whether they have abused that discretion by considering "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance." *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227, 1236 (3d Cir. 1994) (quoting *Beissel v. Pittsburgh and Lake Erie R.R. Co.*, 801 F.2d 143, 150 (3d Cir. 1986), *cert. denied*, 479 U.S. 1088 (1987)). Olabode, while not specifically acknowledging this test, argues that he was unfairly surprised by the District Court's decision to allow Schubert's mother to read the contents of the note. This argument is unavailing. While Olabode was not necessarily aware that the note would be presented at trial, Schubert's mother told Olabode that she had made such a note at her deposition, but did not have it with her. Moreover, the cumulative prejudicial effect of this evidence was minimal, since the police department's radio report and the incident report, also generated immediately after the incident, corroborated the information contained in the note. Finally, there is no indication in the record that this evidence disrupted the orderly working of the trial or that there was any bad faith in non-compliance with a pre-trial order. As a non-party to the action, Schubert's mother had no duty to comply with any pre-trial order. As such, the District Court was within its discretion in allowing the note into evidence.

IV.

We have reviewed all of the arguments and motions made by the parties and find that additional discussion is not necessary. For the reasons set forth above, we will affirm the order of the District Court.